UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHINO METALS, INC., an Idaho corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>STURDY GUN SAFE, INC., a California corporation,<br><br>    Defendant/Counterclaimant. | Case No. 1:18-cv-00474-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant/Counterclaimant Sturdy Gun Safe, Inc.'s ("Sturdy") Motion to Enforce Protective Order. Dkt. 44.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court finds good cause to GRANT the motion and QUASH the subpoena.

///

///

## II. BACKGROUND

In conjunction with this litigation, Sturdy produced the report of Robert Wallace—one of its experts—to Plaintiff/Counter-Defendant Rhino Metals, Inc., ("Rhino"). Pursuant to the parties' agreed upon protective order in this case, Dkt. 31, Sturdy designated Wallace's report as "Confidential." This designation limited the receiving party's ability to use and disclose the report. *See generally* Dkt. 31.

Unrelatedly, Wallace produced a report on behalf of a plaintiff in a legal matter titled *GDM Enterprises, LLC v. Astral Health & Beauty, Inc.*, a case currently pending in the Western District of Missouri.

On December 20, 2019, Rhino issued a subpoena to Astral Health & Beauty Inc. ("Astral")—the Defendant in the Missouri action—requesting Wallace's report *in that case.* On December 30, 2019, Astral issued a reciprocal subpoena to Rhino requesting Wallace's report *in this case.*[1]

Sturdy brought this issue to the Court's attention informally because of the nature and posture of the dispute.[2] Based on Sturdy's stated objections, Rhino represented that it

---

[1] The Court does not know why the parties issued these subpoenas—nor is it overly relevant to its decision today—but it appears the respective parties seek to use Wallace's reports (one produced for a defendant; one produced for a plaintiff) to contradict, or impeach, one another.

[2] As the parties point out in their briefing, this motion is procedurally difficult. First, because the subpoena was directed at Rhino, Study felt that it could not object to the subpoena itself. That said, Sturdy commissioned the information requested and it has a vested interest in keeping that information secure. Second, because the information is not Rhino's, it noted that it had no reason *to object* to the information sought and—because its name was on the subpoena—it bore the risk of not complying. In short, each side did not feel confident in its ability or standing to take (or not take) certain actions.

would not respond to the subpoena until the Court had an opportunity to review and rule on any motions filed in the instant case.

As already noted, Sturdy deems certain information contained in the Wallace report as confidential. Concerned that this information would leak into the public sphere if turned over, Sturdy now moves the Court for an order enforcing the protective order in this case and prohibiting Rhino from responding to the subpoena and turning over the requested information.

### III. LEGAL STANDARD

Under Rule 45(a), a party may seek a subpoena commanding a third party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The Court may quash or modify the subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Further, the Court may quash or modify the subpoena if it "requires disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i).

When sensitive material is the subject of a subpoena, Rule 26(c) authorizes the Court to issue a protective order "for good cause" to protect a party or any person from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party requesting a protective order has the burden to demonstrate that "good cause" exists for the protection of that evidence. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827

(9th Cir. 2004). "Good cause" is established where it is specifically demonstrated that disclosure will cause a "specific prejudice or harm." *Id.,* at 827.

## IV. ANALYSIS

As a threshold matter, the Court notes that this Court—the District of Idaho—is the correct forum to take up this matter. *See* Fed. R. Civ. P. 45(d)(1) ("the Court for the district *where compliance is required* must enforce this duty [duty to avoid undue burden and expense] . . . .") (emphasis added); Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district *where compliance is required* for an order compelling production or inspection.") (emphasis added); Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district *where compliance is required* must quash or modify a subpoena . . . .") (emphasis added); Fed. R. Civ. P. 45(d)(3)(B) ("To protect a person subject to *or affected by a subpoena*, the court for the district *where compliance is required* may, on motion, quash or modify the subpoena . . . .") (emphasis added).

In this case, Sturdy is the party "affected by a subpoena." *See* Fed. R. Civ. P. 45(d)(3)(B). Furthermore, the subpoena requires compliance in this District. *See* Dkt. 44-2, at 5. Accordingly, the District of Idaho has the authority to address the concerns raised.

Next, under Rule 45, the party to whom a subpoena is directed must "produce [the designated items] in that person's *possession, custody, or control*." Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added). Here, the items at issue are only in the *temporary* possession, custody, or control of Rhino pursuant to a Protective Order of this Court and thus not subject Astral's subpoena. *See e.g., TCL Commc'n Tech. Holdings, Ltd. v.*

*Telefonaktienbolaget LM Ericsson*, No. SACV1400341JVSDFMX, 2016 WL 6693148, at *3 (C.D. Cal. Jan. 25, 2016) (finding that "material in a party's temporary possession under the terms of a protective order was not subject to a party's duty to preserve because those materials were not in the party's possession, custody, or control"); *Nissei Am., Inc. v. Cincinnati Milacron, Inc.*, 95 F.R.D. 471, 475 (N.D. Ill. 1982) (holding that party in patent litigation need not produce material that is subject to protective order because "it is not available to [party] or within their possession, custody or control within the contemplation of Rule 33(a) or Rule 34(a) of the Federal Rules"); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 2862613, at *4 (N.D. Cal. July 11, 2012) (same); *In re Shell E & P, Inc.*, 179 S.W.3d 125, 131 (Tex. App. 2005) (holding that under Texas law "a person's mere access to a document does not constitute 'physical possession' of the document under the definition of 'possession, custody or control'").

Sturdy is the true, rightful owner of this material. Sturdy is the correct party to whom the subpoena should have been directed. The mere fact that Rhino has the information *at this time* does not mean that the information is within its possession, custody, or control and subject to disclosure.

The protective order in this case supports the conclusion that any "possession" Rhino may claim in the Wallace report is only temporary and pursuant to restrictions. Pursuant to Section 9(a) of the parties' stipulated protective order "within thirty (30) days after termination of this Action . . . counsel for the receiving party shall . . . either return all originals of the Confidential Material . . . or destroy such Confidential Material." Dkt. 31, at 11.

Thus, the report Astral seeks via its subpoena is not within Rhino's possession, custody, or control for purposes of discovery. Further, were Rhino to turn it over, it would be violating the terms of the protective order in this case and subject to sanctions.

Finally, Rhino has expressed some concern that the final provision of the parties' protective order *requires* that it respond to the subpoena. The Court disagrees. That provision—13(e)—states that "nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena in another action." Dkt. 31, at 15. While there may be varying interpretations of this language—which the Court will not address today—the bottom line is that Rhino is not "disobeying a lawful subpoena" by not turning over the information Astral seeks because it isn't Rhino's information to turn over in the first place.

In order to protect Sturdy—a party "affected by a subpoena," Fed. R. Civ. P. 45(d)(3)(B)—and because the subpoena requests information that is "privileged or []  protected" and/or would otherwise disclose "confidential information,"[3] Fed. R. Civ. P. 45(d)(3)(A) – (B), the Court hereby QUASHES the subpoena and orders Rhino not to respond. Should Astral seek to compel compliance, it must litigate that matter in this District.

///

---

[3] As a final aside, Rhino does not object to Sturdy's claim that the Wallace report contains confidential information, but casts doubt on whether such a designation is proper. First, the document was designated confidential in this case, thus it stands to reason the same designation would be equally applicable in outside, unrelated litigation. Furthermore, the party whose information is at stake is in the best position to know whether something is confidential or otherwise deserving of protection. The Courts finds Sturdy's position is warranted.

# V. ORDER

1. Sturdy's Motion to Enforce Protective Order (Dkt. 44) is GRANTED.

2. Astral's subpoena is QUASHED and Rhino shall not be required to respond.

DATED: January 22, 2020

_____
David C. Nye
Chief U.S. District Court Judge