UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHINO METALS, INC., an Idaho corporation,<br><br>      Plaintiff/Counter-Defendant,<br><br>      v.<br><br>STURDY GUN SAFE, INC., a California corporation,<br><br>      Defendant/Counterclaimant. | Case No. 1:18-cv-00474-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant/Counterclaimant Sturdy Gun Safe, Inc.'s ("Sturdy") Motion to Stay Summary Judgment Briefing Deadlines. Dkt. 65.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court finds good cause to GRANT the motion.

MEMORANDUM DECISION AND ORDER – 1

## II.

## B              ACK              G              R

## OUND

On March 23, 2020, Sturdy filed its Motion for Summary Judgment. Dkt. 56. On April 13, 2020, Plaintiff Rhino Metals, Inc., ("Rhino") filed its response/Cross Motion for Summary Judgment. Dkt. 59.

On April 21, 2020, Sturdy filed a Motion to Strike Rhino's Cross Motion for Summary Judgment as untimely. Dkt 64. Sturdy simultaneously requested that the briefing on the summary judgment motions be stayed pending the Court's consideration of the Motion to Strike. Dkt. 65. Finally, Sturdy asked that the briefing on the Motion to Stay be shortened. Dkt. 66. The Court granted this final motion and set out a shortened briefing schedule for the parties to follow. Dkt. 68. The parties complied, and the matter is now ripe for review.

## III. ANALYSIS

In the instant matter, Sturdy asks the Court to stay the briefing on the pending Motions for Summary Judgment because the deadlines for the Motion to Strike will expire *after* the deadlines on the Motions for Summary Judgment. Said differently, if the court does not stay or alter the briefing on the pending Motions for Summary Judgment, Sturdy will have to respond to Rhino's Motion for Summary Judgment before the Court rules on whether Rhino's motion is even properly before the Court in the first place.

For its part, Rhino opposes the request. Rhino argues that Sturdy has not made the requisite showing that absent a stay, there will be undue burden or hardship. Rhino also

MEMORANDUM DECISION AND ORDER – 2

delves into more substantive arguments regarding the Motion to Strike.[1]

The Court cannot say what the outcome of the Motion to Strike will be at this point in time. However, it is true that whatever the outcome of that motion is, it *could* affect the briefing on the Motions for Summary Judgment. Thus, prudence dictates the Court address that issue first before considering further briefing on the Motions for Summary Judgment. Additionally, the Court has learned by experience that it is best to avoid overlapping briefs and motions—when feasible—to limit confusion and duplicative or unnecessary work.

That said, this issue is largely procedural; lengthy briefs and extensive briefing windows are unnecessary. To further the purposes of Rule 1,[2] the Court will, therefore, shorten the briefing and the page requirements for the Motion to Strike. In this fashion, that issue can be dealt with in a timely manner and the Court (and the parties) can return to the more substantive issues presented in the Motions for Summary Judgment.

## IV. ORDER

1. Sturdy's Motion to Stay Briefing (Dkt. 65) is GRANTED. All briefing on the Motions for Summary Judgment is stayed until further notice. This stay *does not* affect the briefing on any other pending motion.

2. Rhino's response to Sturdy's Motion to Strike is due on or before May 6, 2020, and shall not exceed 12 pages. Sturdy's Reply shall be due on or before May 11, 2020,

---

[1] The Court is not implying this was in error. To be sure, in order to support its position that a stay is unnecessary, Rhino needed to address the overall relief sought by Sturdy and why such requested relief (in its opinion) is without merit. While helpful here, these arguments apply more in the context of the Motion to Strike.

[2] Federal Rule of Civil Procedure 1 outlines that it is the Court's duty "to secure the just, speedy, and inexpensive determination of every action and proceeding."

and shall not exceed 6 pages. The Court will then rule on the motion without oral

argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

DATED: April 28, 2020

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 4