UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHINO METALS, INC., an Idaho corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>STURDY GUN SAFE, INC., a California corporation,<br><br>Defendant/Counterclaimant. | Case No. 1:18-cv-00474-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant/Counterclaimant Sturdy Gun Safe, Inc.'s ("Sturdy") Motion to Strike. Dkt. 64.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court finds good cause to DENY the motion.

## II. BACKGROUND

On March 23, 2020, Sturdy filed its Motion for Summary Judgment. Dkt. 56. On April 13, 2020, Plaintiff Rhino Metals, Inc., ("Rhino") filed its combined Response/Cross

MEMORANDUM DECISION AND ORDER – 1

Motion for Summary Judgment. Dkt. 59.

On April 21, 2020, Sturdy filed a Motion to Strike Rhino's Cross Motion for Summary Judgment as untimely. Dkt 64. Sturdy simultaneously requested that the briefing on the summary judgment motions be stayed pending the Court's consideration of the Motion to Strike. Dkt. 65. Finally, Sturdy asked that the briefing on the Motion to Stay be shortened. Dkt. 66. The Court granted this final motion and set a shortened briefing schedule for the parties to follow. Dkt. 68. The parties obliged, and the Court ultimately granted the Motion to Stay briefing. Dkt. 72. Briefing on the underlying Motion to Strike then ended and the matter is ripe for adjudication.

### III. ANALYSIS

The Court will be brief: this motion should never have been filed.[1]

Sturdy correctly notes that the scheduling order in this case—as amended multiple times—mandated that "all dispositive motions shall be filed on or before March 23, 2020." Dkt. 52. Sturdy also correctly notes that under the Court's "Motions Practice" section of its website, there are instructions for when, as here, the parties wish to file cross motions for summary judgment. The Court's website states as follows:

> Cross Motions for Summary Judgment: To avoid the panoply of briefs generated by the filing of cross motions for summary judgment, the Court prefers that the briefing be combined as follows: initial motion for summary judgment; response combined with cross motion; reply combined with response to cross motion; and a final reply brief. If the parties are unable to address the issues in the 20-page limit, they may request permission to file an overlength brief.

---

[1] As will be explained below, the Court is not necessarily saying Sturdy's motion is frivolous, but that it could have been avoided all together to eliminate the time and expense the current motion generated—86 pages of briefing and supporting evidence, two to three months of delay, and assuredly thousands of dollars in attorneys' fees.

MEMORANDUM DECISION AND ORDER – 2

*See* https://www.id.uscourts.gov/district/judges/nye/Motion_Practice.cfm. Sturdy then states that the relevant question in this case is whether the Court's cross motion briefing preference displaces the Court's scheduling order in such a way that a party could ignore the dispositive motion deadline and then later file a cross motion for summary judgment. Sturdy answers its own question with a resounding "no."

Sturdy asserts that during discovery in this case Rhino never reached out to coordinate a briefing schedule for cross motions for summary judgment and that, in its estimation, this meant Rhino would be filing its motion by the dispositive motion deadline.[2] According to Rhino, this is entirely true. It did intend to file a Motion for Summary Judgment on March 23, 2020, however, when Sturdy filed first, it realized that the Court's briefing preference would kick in and—in order to avoid duplicative motion practice—held off filing its motion until three weeks later. In other words, in Rhino's estimation (and based on its reading of the Court's briefing preferences) such was *required* of them.

Both parties cite to cases in support of their respective positions. None of the cases, however, were authored by the undersigned, and while some are from within this district—and/or from Judges who have similar briefing preferences to the one at issue here—each turns on specific facts and circumstances.

As one example, Sturdy cites to a decision rendered by Magistrate Judge Ronald E.

---

[2] Even then, if Sturdy had reason to believe Rhino would be filing a motion for summary judgment (and knowing it planned to do the same) it should have started a dialog about the briefing schedule itself. Simply put, the lack of communication here is both parties' fault. Each party in this case is represented by competent counsel who—to the best of the Court's knowledge—have all practiced in Federal Court in the District of Idaho. This issue should have been easy to resolve.

MEMORANDUM DECISION AND ORDER – 3

Bush, *Asarco LLC v. Union Pac. R.R. Co.*, wherein he determined that a cross motion filed after the dispositive motion deadline was untimely. No. 212-CV-00283-EJL-REB, 2016 WL 5799296, at *5 (D. Idaho Sept. 30, 2016). As in all matters, the unique facts of that case lead to a specific result.[3] That result does not necessarily translate to this case or convey a sweeping consensus on the District of Idaho's position relative to this issue.

A brief look at other cases over which Judge Bush presided illustrates this principle well (i.e. that each case warrants a separate, independent review of the best way to deal with multiple motions for summary judgment). *See e.g.,* Case 1:16-cv-00359-REB (original motion for summary judgment was filed three weeks before the dispositive motion deadline so that cross motion was filed on the dispositive motion deadline); *but see,* 1:16-cv-00041-REB (original motion for summary judgment filed on dispositive motion deadline, cross motion filed three weeks later; cross motion not deemed untimely); 1:15-cv-00047-REB (parties agreed to staggered briefing in case management order). The same can be said of any Judge in the District of Idaho, including the undersigned.[4]

Additionally, while the undersigned has not had a case in which a party filed a motion for summary judgment on the dispositive motion deadline and the cross motion came in three weeks later (i.e. the exact scenario here), as Rhino correctly points out, Judge

---

[3] In *Asarco*, the cross motion at issue was actually a second motion for summary judgment and addressed issues not raised by the original filing party. For these reasons, Judge Bush granted the motion to strike. Such is not the case here.

[4] *See e.g.,* Case 1:19-cv-195-DCN (parties agreed to cross-motion summary judgment briefing schedule in discovery plan); 4:17-cv-00485-DCN (allowing the parties to file simultaneous briefs—i.e. in contrast to the Court's preference—because one party moved for summary judgment on some, but not all, claims the other party had).

MEMORANDUM DECISION AND ORDER – 4

B. Lynn Winmill has ruled on this identical issue and determined that such a practice *did not* violate the court's scheduling order. *See e.g., Unity Serv. Coordination, Inc. v. Armstrong*, No. 1:09-CV-639-BLW, 2011 WL 864472, at *3 (D. Idaho Mar. 10, 2011) (denying motion to strike a party's cross motion for summary judgment filed three weeks after the dispositive motion deadline).

The Court is careful to note, however, that in *Armstrong,* Judge Winmill did not directly address the Court's briefing preference itself, but determined that because the other side had fair notice of the issues raised in the cross motion—and because those issues were intertwined with the issues the original filing party raised in its own motion—there was no prejudice to taking up both motions simultaneously.[5]

Ultimately, the Court's goal is to reach the merits of the issues in any given case—especially when it comes to summary judgment. Typically,[6] the parties agree in advance to a staggered briefing schedule once it is known that both parties will be filing motions for summary judgment. That is what should have happened in this case. Both parties were well aware of the situation in advance and could have coordinated appropriately.

---

[5] Similarly, here, because Rhino's cross motion seeks summary judgment on the same claims Sturdy raises in its motion for summary judgment, Rhino could have filed its motion as simply a response, but nonetheless asked—pursuant to Rule 56—for summary judgment even as the nonmoving party. Thus, were the Court to strike Rhino's cross motion as untimely, it appears Rhino would file the same brief and simply change the caption (to "Response" as opposed to "Response and Cross Motion for Summary Judgment").

[6] Upon an exhaustive review of hundreds of cases in the District of Idaho over the last 20 years in which cross motions for summary judgment were filed, it is clear there is not widespread consensus on whether the motions should *both* be filed by the dispositive motion deadline or not. In the vast majority of cases, the parties utilized the court's preference of staggered, combined briefing, however, the exact deadlines were stipulated to by the parties (some of those dates fell before the original dispositive motion deadline while others fell after). This supports the Court's ultimate conclusion that communication between the parties is paramount when dealing with cross motions for summary judgment.

The alternative situation—which has also happened multiple times—is that the parties do not communicate and file dispositive motions on the same day. In that instance, the Court often reaches out to the parties anyway to combine the remaining briefs to avoid duplication and excessive filings.

In this case, a simple call to the Court's law clerk would have been helpful. The matter could potentially have been discussed and resolved without the need for motion practice.[7]

Both parties accuse the other of gamesmanship as it relates to the present situation. Sturdy claims Rhino delayed in filing its cross motion so that they could see Sturdy's motion first. On the other hand, Rhino claims that by filing the instant motion to strike, Sturdy has had weeks (if not months) to review Rhino's filing and prepare its response. The parties raise these concerns—as well as numerous other ancillary issues in their briefing. The Court will not address each argument; it suffices the Court to say that it expects attorneys to work together in a cooperative and fair manner to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Ultimately, the Court finds that Rhino's cross motion for summary judgment was not untimely. The fact that there are competing interpretations of the Court's briefing preferences suggests that the Court may need to clarify its language; however, the fact that this issue has rarely, if ever, come up cuts against this assumption.

However, so that it is clear, the Court states as follows: the Court's policy on cross

---

[7] For example, the Court could have outlined its general practices and preferences, could have discussed a stipulated briefing schedule with the parties, or discussed an extension of the dispositive motion deadline.

MEMORANDUM DECISION AND ORDER – 6

motions for summary judgment *inherently assumes* that the parties will notify each other of their intent to file motions for summary judgement so that the Court's preferred briefing schedule can be utilized to streamline the process if appropriate. The appropriate circumstance is one in which the parties will be moving for summary judgment *on the same issues*. Many times, the opening parties' brief will be filed on the dispositive motion deadline. Then, assuming the issues are the same—which again, can only be determined via prior communications—the opposing side's response/cross motion can be filed three weeks later (i.e. later than the dispositive motion deadline). By design, however, a cross motion filed in this manner *would not be untimely*.[8] If, however, in communications leading up to the dispositive motion deadline, the parties learn they will be filing motions for summary judgment on *different* issues, both motions should be filed before the deadline.[9]

Experience has shown that the parties are far more concerned than is the Court regarding who gets the "last word" on a given issue. If that is what this is really about and Sturdy feels that as the "original movant" it should have the last word, it can request to file a sur-reply. Even then, however, the Court intends to hold oral argument on the competing motions for summary judgment so both sides will have ample opportunity to present their

---

[8] No party should use any type of gamesmanship or deception to limit or foreclose the other side from filing a desired motion for summary judgment. Thus, again, the remedy is timely and honest communication between the parties. This is not an onerous burden, nor does in invade the purview of counsel's litigation strategy. Again, the Court's purpose is to address the merits of any case. Skirmishes concerning deadlines are unnecessary and can be avoided if the parties follow the Court's suggestions here.

[9] This should not come as a surprise. Logically, if the motions are substantively different, each would likely deserve a separate and unique response and reply and thus not need to utilize the Court's preferred briefing schedule. More importantly, both would need to be filed by the dispositive motion deadline as neither would be a cross motion of anything filed by the other party.

arguments to the Court.

While there may be competing interpretations of *the Court's* briefing preferences, the solution would have been to contact *the Court* and seek clarification. The Court's preference regarding briefing is informal, utilized to aid the Court and Counsel, and while it does not *override* the Court's scheduling order, it should be read in conjunction with the same.

In sum, the Court will not strike Rhino's cross motion for summary judgment as untimely. The process Rhino followed here was appropriate. However, the parties should have communicated in the weeks leading up to the dispositive motion deadline so that neither party was surprised by the other's actions.

## IV. ORDER

1. Sturdy's Motion to Strike (Dkt. 64) is DENIED.

2. The Court's previous stay of summary judgment briefing (Dkt. 72) is lifted. Sturdy's reply to its motion for summary judgment, combined with its response to Rhino's cross motion, shall be due on or before **June 19, 2020**. Rhino's final reply brief in support of its motion for summary judgment shall be due on or before **July 2, 2020**.

DATED: June 8, 2020

David C. Nye
Chief U.S. District Court Judge